Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNGSOO PARK, | Civil Action No. |
| Plaintiff, | |
| vs. | |
| NORTHSTAR LOCATION SERVICES, LLC and JOHN DOES 1 to 10, | **COMPLAINT** |
| Defendants. | |

Plaintiff, Sungsoo Park, by way of Complaint against Defendant, Northstar Location Services, LLC and John Does 1 to 10, says:

## I.     NATURE OF THE ACTION

1.     This action for damages arises from a collection agency's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

## III.     PARTIES

4.     Plaintiff, Sungsoo Park ("Plaintiff" or "Park"), is a natural person residing in Bergen County, New Jersey.

5.      Defendant, Northstar Location Services, LLC ("Defendant" or "NLS") is a collection agency with an office located at 4285 Genesee Street, Cheektowaga, NY 14225.

6.      Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## IV.    FACTS

7.      Defendant is not in the business of extending credit, selling goods or services to consumers.

8.      Defendant regularly collects or attempts to collect debts.

9.      Defendant regularly collects or attempts to collect debts that are past due.

10.     Defendant regularly collects or attempts to collect debts allegedly owed to others.

11.     Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

12.     Defendant is in the business of collecting debts or alleged debts of natural persons.

13.     Defendant is in the business of collecting debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

14.     In attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce

15.     Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

16.     Defendant is a collection agency.

17.     Defendant has asserted that Plaintiff incurred or owed a certain financial obligation to Barclays Bank Delaware ("Debt" or "Account").

18.     The Debt is alleged to arise from one or more transactions.

19.     The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

20.     The Account was assigned to Defendant for the purpose of collecting the Debt.

21.     Defendant contends that the Account is in past due and in default.

22.     The Account was past due and in default at the time it was placed with or assigned to Defendant for collection.

23.     In an attempt to collect the Debt, Defendant mailed a collection letter to Plaintiff on May 5, 2014 ("Letter").

24.     A true copy of the Letter, but with redactions, are attached as Exhibit A.

25.     Plaintiff received and reviewed the Letter.

26.     The Letter was mailed using a window envelope.

27.     Being sent in a window envelope, the account number associated with the Debt was exposed through the window of the envelope.

28.     The account numbers exposed are considered personal identifiers.

29.     The FDCPA prohibits a debt collector from "[u]sing **any language or symbol**, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."  15 U.S.C. § 1692f(8) (emphasis added).

30.     Unlawfully exposing the account number associated with the Debt, "visible through a

transparent window of an envelope[,]" when mailing written collection communications in connection with the collection of the Debt, "is impermissible language or symbols under § 1692f(8)" because "its disclosure has the potential to cause harm to a consumer[.]"  *Douglas v. Convergent Outsourcing*, 765 F.3d 299, 302, 306 (3d Cir. 2014).

31.     It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which unlawfully exposed sensitive financial account numbers to the public in violation of sections 1692f and 1692f(8) of the FDCPA.

## V.     FIRST COUNT - VIOLATIONS OF THE FDCPA

32.     Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

33.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

34.     The Debt is consumer "debt" as defined by 15 U.S.C. § 1692a(5).

35.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.     The Letter was sent by Defendant to Plaintiff in an attempt to collect the Debt.

37.     The Letter is a "communication" pursuant to 15 U.S.C. § 1692a(2).

38.     By sending the Letter in a window envelope that exposed the financial account number of Plaintiff, Defendant violated the FDCPA in one or more of the following ways:

       a.     Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

       b.     Defendant used any language or symbol, other than Defendant's address, on any envelope when communicating with a consumer by use of the mails, in violation of 15 U.S.C. § 1692f(8).

39.     The violations of the FDCPA described herein constitute *per se* violations.

40.     As a result of Defendant's violations of the FDCPA, Plaintiff seeks damages, attorney's fees, and costs.

41.     **WHEREFORE**, Plaintiff, Sungsoo Park, demands judgment against Defendant, Northstar Location Services, LLC, as follows:

A.      For damages in favor of Plaintiff;

B.      For attorney's fees, litigation expenses and costs in connection with this action pursuant;

C.      For pre-judgment and post-judgment interest; and

D.      For such other and further relief as the Court deems equitable and just.

## VI.     JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## VII.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

*s/ Yongmoon Kim*
Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, NJ 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

Dated: May 4, 2015